KNITTER v. CHICAGO, L. S. & E. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. May 11, 1910.)

No. 1,576.

MASTER AND SERVANT (§ 180*)—MASTER'S LIABILITY FOR INJURY TO SERVANT —RAILROADS—NEGLIGENCE OF FELLOW SERVANT—WISCONSIN STATUTE.
    St. Wis. 1898, § 1816, as amended by Laws 1903, c. 448, which makes a railroad company liable for an injury to an employé "while engaged in the line of his duty as such and which shall have been caused by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

carelessness or negligence of any other * * * employé while in the discharge of, or failure to discharge his duty as such, provided that such injury shall arise from a risk or hazard peculiar to the operation of railroads," abolishes the fellow servant doctrine only in case of injuries to employés of common carriers while engaged in the line of their duty "as such," and the statute has no application to the case of an injury to one of the crew operating an engine used solely in moving slag cars on the premises of a steel company from a blast furnace to the dumping grounds, although the crew were employés of a railroad company which hired them and the engine to the steel company.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 363; Dec. Dig. § 180.*]

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

Action by Frank Knitter against the Chicago, Lake Shore & Eastern Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The facts are stated in the opinion.

Hugh Ryan, for plaintiff in error.

Clarke M. Rosecrantz, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion:

The plaintiff in error (plaintiff below) brought this action to recover for personal injuries received by him under the following circumstances: Defendant in error is a common carrier, operating a railroad, a portion of which is in the State of Wisconsin. The Illinois Steel Company has a blast furnace in the City of Milwaukee, in that State, adjacent to the railroad, and connected therewith by the necessary switches. A track leads from this blast furnace, over the grounds of the steel company, to some dumping grounds on the lake shore, also within the grounds of the steel company; said track being used exclusively to remove the waste product of the steel company, known as "slag," from the furnace to the dumping grounds. Incidentally, this track is connected with the defendant in error's tracks by a switch. The only cars used on the track are what are known as "rubbish buggies," peculiarly constructed for the removal of slag. The defendant in error, for a certain stipulated price per day, furnished the locomotive and crew that hauled these rubbish buggies back and forth between the furnace and the dumping grounds; and at the time of the accident, the plaintiff in error was one of this crew. The accident was due to the fact that the engineer of the locomotive, without notice, started his engine while plaintiff in error was engaged in cleaning some slag off the track in front of the engine. Except for a statute of the State of Wisconsin, the relation of plaintiff in error and the engineer was admittedly that of fellow servants.

The statute (section 1816, St. Wis. 1898, as amended by chapter 448, Laws 1903) is as follows:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Every railroad company operating any railroad which is in whole or in part within this state shall be liable for all damages sustained within the same by any of its employés without contributory negligence on his part:

"1. * * . *

"2. When such injury is sustained by an officer, agent, servant or employé of such company, while engaged in the line of his duty as such, and which shall have been caused by the carelessness or negligence of any other officer, agent, servant or employé while in the discharge of or for failure to discharge his duty as such, provided, that such injury shall arise from a risk or hazard peculiar to the operation of railroads."

The statute, when analyzed, clearly shows that it was the intention of the legislature to confine the abolition of the fellow servant doctrine to injuries sustained by employés of a common carrier, only while engaged in the line of their duty "as such," and when caused by the negligence of other fellow servants while engaged in the discharge of their duty "as such," the particular injury itself to arise from a risk or hazard "peculiar to the operation of railroads" as common carriers. Indeed, it was necessary to thus limit the application of the statute to save it from being unconstitutional. Kiley v. C., M. & St. P. Ry. Co., 138 Wis. 215, 120 N. W. 756; McKivergan v. Lumber Company, 124 Wis. 60, 102 N. W. 332.

The furnishing of a locomotive and a crew to move these slag buggies between the furnace and the dumping grounds involves, in our judgment, no risk or hazard "peculiar to the operation of a railroad," and the crew engaged therein are not, for the time being, engaged in the line of their duty as employés of a common carrier "as such." Such work is not, in any sense, the operation of a railroad. A team of horses, or a road engine, hauling these buggies, would be just as much the operation of a railroad as was the matter under consideration; and the mere fact that the motive power furnished was the property of the railroad company, and that the crew operating it were employés of the railroad, no more makes it the operation of a railroad, within the meaning of the statute—differentiating a railroad in its relation to the public from other enterprises in this respect—than would the fact that the horses or the road engine belonged to the railroad, make the hauling of the buggies by the horses or the road engine the operation of a railroad; or the fact that any other labor done by railroad employés, not connected with its operation as a common carrier, would make the matter of which the employment was a part, an operation peculiar to railroads, or the employment one in line of the employé's duty to a common carrier as such. McKivergan v. Lumber Company, supra. The case presented, therefore, was not one coming within the statute.

The judgment will be affirmed.